IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

Civil No. 1:25-CV-00264

| | | |
|---|---|---|
| Daryl and Christine Peterson, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **STIPULATION FOR** |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| Scout Energy Management LLC, and | ) | |
| Scout Energy Group III, LP, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*        \*\*\*        \*\*\*

In order to protect confidential information disclosed during this litigation and to ensure that protection is afforded only to information entitled to protection, the Parties to the above-entitled action hereby enter into this Stipulation for Protective Order pursuant to Fed. R. Civ. P. 26.

**A.      Scope of the Protective Order**

1.      The Parties agree this stipulation shall be submitted to the Court to obtain a Protective Order.  The Protective Order shall govern the protection and exchange of confidential documents, materials, and information disclosed, produced, given, or exchanged by and among the Parties and any non-parties in this case, including without limitation: documents and records produced, Fed. R. Civ. P. 26 disclosures by any Party, answers to interrogatories, responses to requests for admission, information obtained from inspection of premises or things, deposition testimony, information produced in any other form in response to discovery, and information disclosed pursuant to a subpoena or as part of any motions, briefs, or other filings. The terms "documents", "information", and "materials" used in this Protective Order refer to all such methods for the exchange of information described in this paragraph.

1

2.      This Protective Order applies to all Parties (and their attorneys, agents, and representatives) to this litigation and to non-parties who provide discovery information pursuant to subpoenas from the Parties or as part of depositions in the case. It also applies to any individual who executes the attached Exhibit A.

**B.      Designation and Protection of Confidential Information**

3.      The Parties anticipate that discovery and disclosure will include the exchange of Confidential Information. In the event a Party or non-party produces Confidential Information, a Party may designate it in the following manner:

(a)     By imprinting the word(s) "Confidential" on the first page or cover of any document produced, accompanied by a reference to the range(s) of Bates-numbered pages to which that designation refers, or by imprinting the word "Confidential" on each page of the document produced;

(b)     By imprinting the word "Confidential" next to or above any response to a discovery request; and

(c)     With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than twenty-one (21) calendar days after receipt of the transcribed testimony. During the twenty-one (21) day period, the Parties shall treat the entire testimony as if it was designated Confidential Information.

4.      Any Party may designate as Confidential Information any documents, materials, and information provided or produced in the case, that the Party believes in good faith contains the following: Sensitive commercial, proprietary, financial, business information; personally private information; trade secret(s); and confidential research or development information.

5.      A non-party that produces documents or appears for a deposition in this litigation, whether formally or informally, may designate documents, materials, or information as Confidential Information pursuant to the standards described in the proceeding paragraphs. Further, if a Party determines in good faith that discovery documents, materials, or information produced by a non-party in the case contain Confidential Information, that Party may so designate.

6.      The categorization, designation, and restrictions on the use of information designated as Confidential Information are made without prejudice to further categorization, designation, and additional restrictions. In the event discovery proceeds into documents and information that a Party believes warrant further protections, the Parties will meet and confer to discuss appropriate additional protections. If they cannot agree on such protections, they may present the issue to the Court.

7.      A Producer may make documents or things containing Confidential Information or available for inspection and not mark them as "Confidential" without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked in such a manner before providing them to the Recipient in hard copy or electronic form.

**C.      <u>Use and Disclosure of Confidential Information</u>**

8.      Information that is designated as Confidential Information shall not be used for any purpose except for the prosecution or defense of this litigation unless authorized by further order of the Court.  A Party receiving information designated as shall use reasonable efforts to prevent any inadvertent release of such Confidential Information.

9.      Except as the Court may otherwise expressly direct and subject to the further conditions imposed by the Protective Order, information that is designated as Confidential Information may be disclosed only to:

(a)      In-house counsel for any Party;

(b)      Legal counsel of record for the Parties in this action;

(c)      Paralegals, assistants, clerks, secretaries, and other such personnel working under the supervision of legal counsel of record for the Parties in this action;

(d)      Expert witnesses and consultants, and their employees, hired by a Party to assist in the preparation and/or trial of the lawsuit, who agreed to be bound by the terms of this Protective Order by executing Exhibit A;

3

(e)     The Parties, and the officers, directors, and employees of the Parties to the extent such disclosure is necessary for the prosecution or defense of this litigation;

(f)     The Court and its personnel;

(g)     Court reporters and videographers retained in connection with this action;

(h)     Witnesses in this action to whom disclosure of Confidential Information occurs during their respective depositions. These witnesses shall be given copies of this stipulation and the Protective Order and are prohibited from disclosing Confidential Information except as set out in the Protective Order.

(i)     A Person who has authored, prepared, or lawfully received the Confidential Information prior to its designation;

(j)     Any other Person to whom disclosure is expressly authorized in writing by the Party or non-party who designated the information; and

(k)     Such other Persons by further order of the Court.

10.     However, nothing herein should be interpreted to mean that counsel accepts liability for, or indemnification on behalf of, the Parties or any third party with regard to that Party or third party's disclosure of such Confidential Information in violation of this Protective Order.

**D.     Filing Confidential Information**

11.     Any Party bound by this Protective Order that files a document or item with the Court containing information designated as Confidential Information is required to request the Court's permission to file the document under seal. The Parties shall comply with the Court's procedures for filing documents under seal and any determination by the Court regarding whether any document or item containing information designated as Confidential Information may be filed under seal.

**E.     Objections to Designations**

12.     A Party may object to the designation of information as Confidential Information by giving written notice to all Parties (including written notice to any non-party that has made the designation). The Parties, including any non-parties that produced the information at issue, shall

4

in good faith attempt to resolve the objection, without court action, within fourteen business days from the notice of objection.  Thereafter, if the objection is not resolved, the objecting Party may file with the Court a motion challenging the designation and that Party bears the burden of persuading the Court the information at issue should not be designated as Confidential Information.  Information designated as Confidential Information which is subject to objection and challenge shall maintain its designation as Confidential Information until such time as the Court rules on the objection.

13.    A Party may elect to rescind or alter the designation of any information as Confidential Information by providing written notice to all Parties.

**F.    <u>Inadvertent Production</u>**

14.    If Confidential Information is inadvertently produced without designation (e.g., "Confidential"), or with an incorrect or improper designation, such information shall be treated nevertheless as Confidential Information from the time the Producer advises the Recipient(s) in writing that such information should have been so designated. The Producer that made the inadvertent disclosure shall also provide all Parties with an appropriately labeled replacement document providing the designation or proper designation as the case may be. The Recipient(s) shall either return promptly or destroy the unmarked or incorrectly designated documents, and provide notice to the Producer of said return or destruction.

15.    If a Party learns that, either by inadvertence or otherwise, it has disclosed Confidential Information in any circumstance not authorized under the Protective Order, that Party must immediately: (a) notify in writing counsel for the all Parties of the unauthorized disclosures, including all pertinent facts; (b) make every reasonable effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information from the recipient(s) thereof; (c) inform the Person or Persons to whom unauthorized disclosures were made of the

terms of the Protective Order; and (d) request such Person or Persons to execute the Acknowledgment attached hereto as Exhibit A. Compliance with the foregoing shall not prevent a Party from seeking further relief from the Court.

16.     The production of documents, electronically stored information, or information protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity, whether produced inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This stipulation and the Protective Order shall be interpreted to provide the maximum protection allowed by the Federal Rules of Evidence regarding privileges. In the event such a disclosure is discovered, the receiving Party shall, without further reviewing the documents at issue, return all copies of such documents to the producing Party and shall not use such materials for any purpose. The return of any document to the inadvertently producing Party shall not preclude the receiving Party from moving the Court for a ruling that the document or information is not subject to any privilege or protection.

**G.      Return or Destruction of Confidential Information**

17.     Within ninety days after the final resolution of this action, including the expiration of any appellate review, all documents designated as Confidential Information shall be returned to the Party or non-party that produced such documents, or destroyed. All counsel of record shall, upon request, make certification of compliance with this requirement and shall deliver the same to counsel for the Party or non-party that produced the documents not more than fourteen business days after any such request.

18.     Notwithstanding the foregoing, counsel for each Party may retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain information designated as Confidential

Information. Any such archival copies that contain or constitute information designated Confidential Information remain subject to this stipulation and the Protective Order.

**H.      Survival and Jurisdiction**

19.      The terms of this stipulation and the Protective Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of this action.  The Parties remain subject to the Court's personal jurisdiction in any proceeding regarding an alleged or attempted violation of, or other enforcement of, the Protective Order.

**I.      Legal Process**

20.      If a Party or non-party bound by the terms of the Protective Order is served with a subpoena, process, or court order issued in other litigation or similar proceedings, which order, process, or subpoena compels or requires disclosure of information designated in this case as Confidential Information, that Party or non-party must:

(a)      promptly notify the designating Party or non-party regarding the order or subpoena. Such notification must be in writing and shall include a copy of the subpoena or court order;

(b)      promptly notify the litigant that caused the subpoena or order to issue in the other litigation or proceedings that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must be in writing and must include a copy of this Protective Order; and

21.      It is the designating Party or non-party's responsibility to timely assert the protections of the Protective Order in the other litigation or proceedings and the designating Party or non-party shall bear the burden and expense of seeking protection.  Nothing in these provisions should be construed as authorizing a Party or non-party to disobey a court order issued in other litigation or similar proceedings.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2026.

/s/ *Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

Dated this 18th of May, 2026.

         *Derrick Braaten*

         Derrick Braaten (#06394)
         Braaten Law Firm
         109 North 4th Street, Suite 100
         Bismarck, ND 58501
         (701) 221-2911
         derrick@braatenlawfirm.com

         ATTORNEYS FOR PLAINTIFFS

Dated this 18th of May, 2026.

         *David R. Phillips*

         David R. Phillips (#06116)
         Bakke Grinolds Wiederholt
         300 West Century Avenue
         P.O. Box 4247
         Bismarck, ND 58502-4247
         (701) 751-8188
         dphillips@bgwattorneys.com

         ATTORNEYS FOR DEFENDANTS

**EXHIBIT A**

**ACKNOWLEDGMENT**

I certify that I have read and I understand the provisions of the Protective Order entered on the _____ day of _____ 20___ by the Court in the civil lawsuit entitled *Daryl and Christine Peterson v. Scout Energy Management LLC and Scout Energy Group III, LP*, (Civil No. Civil No. 1:25-CV-00264) venued in the United States District Court for the District of North Dakota Western Division.

As a condition precedent to my receipt and examination of information designated as Confidential Information, or of obtaining information derived from such, I agree that the Protective Order shall be deemed to be directed to and shall include me, and that I shall be bound by, shall observe, and shall comply with the terms of the Protective Order. I further agree that I shall be subject to the Court's personal jurisdiction in any proceeding regarding an alleged or attempted violation of, or other enforcement of, the Protective Order.

Date: _____

_____
Signature

_____
Name (Printed)

_____
Relationship to this Litigation

SUBSCRIBED AND SWORN to before me
on this _____ day of _____ 20___

_____
Notary Public

10